**Janet K. Larsen**, OSB No. 950279
larsenj@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, OR 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Attorneys for Defendant Ameriprise Financial Services, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **THE ESTATE OF MARJORY GAIL THOMAS OSBORN-VINCENT,** | Case No. 3:16-cv-02305-YY |
| Plaintiff, | Defendant Ameriprise Financial Services, Inc.'s |
| v. | **ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM** |
| **AMERIPRISE FINANCIAL SERVICES, INC.**, a Delaware corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Defendant Ameriprise Financial Services, Inc. ("Ameriprise") responds to plaintiff's Complaint as follows:

1.      Answering paragraph 1, plaintiff's characterizations and descriptions of the action are not allegations of fact that warrant a response from Ameriprise and, therefore, Ameriprise denies the same.

2.      Answering paragraph 2, Ameriprise admits that the named plaintiff is the Estate of Marjory Gail Thomas Osborn-Vincent.  Based on information and belief, Ameriprise also admits that Marjory Gail Thomas Osborn-Vincent ("Decedent") died on March 8, 2016, a Petition for Probate of Will and Appointment of Personal Representative for the Estate of Decedent was filed on or about April 12, 2016 in the Circuit Court of the State of Oregon, County of Multnomah,

PAGE 1 -  **DEFENDANT AMERIPRISE FINANCIAL SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

130532.0001/6875520.2

Multnomah County Circuit Court No. 16PB02379, and that the personal representative of the Decedent's estate is Richard F. Osborn. Ameriprise denies the remaining allegations of paragraph 2.

3. Answering paragraph 3, Ameriprise admits the allegations of paragraph 3.

4. Answering paragraph 4, Ameriprise admits that the amount in controversy alleged in the Complaint exceeds $75,000.00, exclusive of interest and costs. Ameriprise denies the remaining allegations in paragraph 4 of the Complaint.

5. Answering paragraph 5, Ameriprise is without sufficient information to admit or deny the allegations of paragraph 5 and, therefore, denies the same.

6. Answering paragraph 6, Ameriprise admits that on or about August 4, 1989, Decedent purchased a universal life insurance policy, policy no. xxxxxxx3647, from IDS Life Insurance Company (the "Policy"). The Policy had a specified death benefit of $273,125.00. Defendant denies the remaining allegations in paragraph 6.

7. Answering paragraph 7, Ameriprise admits that on or about August 14, 1991, Decedent decreased the specified amount of the Policy to $150,000.00. Defendant denies the remaining allegations in paragraph 7.

8. Answering paragraph 8, Ameriprise admits the allegations in paragraph 8.

9. Answering paragraph 9, Ameriprise denies the allegations in paragraph 9.

10. Answering paragraph 10, Ameriprise is without sufficient information to admit or deny the allegations in the first sentence of paragraph 10, and, therefore denies the allegations therein. Ameriprise avers that Riversource Life Insurance Company ("Riversource") administered the Policy and timely mailed notices of the Policy lapse to Decedent at the address provided by Decedent. Ameriprise denies that Decedent notified Ameriprise of her change of address. Ameriprise denies the remaining allegations of paragraph 10.

11. Answering paragraph 11, Ameriprise admits that the Policy lapsed in November of 2015. Ameriprise avers that Riversource properly administered the Policy, timely notified

PAGE 2 - **DEFENDANT AMERIPRISE FINANCIAL SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Decedent of her obligation to pay premiums on the Policy to avoid a lapse of the Policy and sent Decedent notices of the lapse of the Policy to the address provided by Decedent. Ameriprise denies that Plaintiff requested that Ameriprise reinstate the Policy for Plaintiff or that Ameriprise refused to do so. Ameriprise avers that Plaintiff requested that Riversource reinstate the Policy and that Riversource informed Plaintiff that it was unable to reinstate the Policy because the terms and conditions of the Policy do not permit reinstatement after the policy owner's death. Ameriprise denies the remaining allegations in paragraph 11.

12. Answering paragraph 12, Ameriprise admits that Decedent died on March 8, 2016. Ameriprise is without sufficient information to admit or deny the remaining allegations in paragraph 12.

13. Answering paragraph 13, Ameriprise denies the allegation set forth in paragraph 13.

## FIRST CLAIM FOR RELIEF

### Breach of Contract

14. Answering paragraph 14, Ameriprise realleges its responses as set forth above in response to paragraphs 1 through 13.

15. Ameriprise denies the allegations in paragraphs 15-20.

## SECOND CLAIM FOR RELIEF

### Breach of Duty of Good Faith and Fair Dealing

16. Answering paragraph 21, Ameriprise realleges its responses as set forth above in response to paragraphs 1 through 20.

17. Ameriprise denies the allegations in paragraphs 22-24.

## THIRD CLAIM FOR RELIEF

### Elder Abuse – ORS 124.100-124.140

18. Answering paragraph 25, Ameriprise realleges its responses as set forth above in response to paragraph 1 through 24.

PAGE 3 -  **DEFENDANT AMERIPRISE FINANCIAL SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

19.    Answering paragraph 26, Ameriprise admits that Decedent purchased the Policy when she was 68 years old.  The remaining allegations in paragraph 26 are legal conclusions that do not warrant a response, and therefore the allegations are denied.

20.    Ameriprise denies the allegations in paragraph 27-32.

## AFFIRMATIVE DEFENSES

For further answer, Ameriprise alleges the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

21.    Plaintiff fails to allege facts sufficient to constitute a claim for relief against Ameriprise under any theory alleged in plaintiff's Complaint.

### SECOND AFFIRMATIVE DEFENSE

### (Failure to Name Proper Party)

22.    Plaintiff has no contractual relationship with Ameriprise and Ameriprise is not the entity that issued and administered the Policy that is at issue in this lawsuit.  Riversource Life Insurance Company is the entity that administered the Policy and had the contractual relationship with Decedent.

### THIRD AFFIRMATIVE DEFENSE

### (Barred by Statutes of Limitations/Statute of Repose/Laches)

23.    Plaintiff's claims are barred by the statutes of limitations, the equitable defense of laches, and/or the statute of repose applicable to each claim for relief.

### FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

24.    Plaintiff had no rights as a beneficiary until Decedent's death and lacks standing to complain of the terms and administration of the Policy during Decedent's lifetime.

PAGE 4 -  **DEFENDANT AMERIPRISE FINANCIAL SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

## FIFTH AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

25.     Any breach of contract claim asserted by plaintiff is barred by Decedent's failure to satisfy the conditions precedent required of the Policy.  Specifically, Decedent failed to pay the required premiums on the Policy to avoid a lapse of the Policy.  Decedent also failed to comply with the instructions provided her regarding a change of her address.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

26.     Decedent and/or plaintiff failed to mitigate the damages by failing to pay the premiums required under the terms of the Policy to avoid a lapse and/or to notify the Policy issuer and/or administrator of a change of address.

## COUNTERCLAIM

### (Attorneys' Fees)

27.     Ameriprise realleges the above paragraphs 21 through 26.

28.     Should any contract between Riversource and Decedent entitle Decedent or Plaintiff to attorneys' fees and costs, then such entitlement is reciprocal and Ameriprise is also entitled to attorneys' fees and costs, if Ameriprise prevails.

29.     Likewise and to the extent that Plaintiff's claims against Ameriprise are deemed meritless and/or to lack an objectively reasonable basis, Ameriprise is entitled to seek its attorneys' fees pursuant to ORS 20.105.

WHEREFORE having fully answered plaintiff's Complaint and having stated its affirmative defenses, Ameriprise prays for the following:

1.     Plaintiff's Complaint be dismissed with prejudice and without costs or fees;

2.     Entry of a judgment in favor of Ameriprise's counterclaims and against plaintiff's claims;

////

PAGE 5 -  **DEFENDANT AMERIPRISE FINANCIAL SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

3.      An award of Ameriprise's attorneys' fees, costs, and disbursements incurred in defending against plaintiff's Complaint, as permissible under existing law and the Agreement; and

4.      Such other relief as the Court deems just and proper.

DATED:  February 27, 2017

LANE POWELL PC

By s/ Janet K. Larsen
   Janet K. Larsen, OSB No. 950279
   Telephone: 503.778.2154
Attorneys for Defendant Ameriprise Financial
Services, Inc.

PAGE 6 -  **DEFENDANT AMERIPRISE FINANCIAL SERVICES, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES AND COUNTERCLAIM**