UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


THE ESTATE OF MARJORY GAIL
THOMAS OSBORN-VINCENT,

       Plaintiff,

  v.

AMERIPRISE FINANCIAL, INC., a Delaware
corporation; AMERIPRISE FINANCIAL
SERVICES, INC., a Delaware corporation; and
RIVERSOURCE LIFE INSURANCE
COMPANY, a Minnesota corporation,

       Defendants.

Case No. 3:16-cv-02305-YY

OPINION AND ORDER

YOU, Magistrate Judge:

**INTRODUCTION**

This case involves claims by the Estate of Marjory Gail Thomas Osborn-Vincent ("Decedent"). Named defendants include Ameriprise Financial, Inc. ("AFI"), Ameriprise Financial Services, Inc. ("AFSI"), and Riversource Life Insurance Company ("Riversource"). In its Amended Complaint ("A/C") (ECF #20), the Estate alleges that it was the named beneficiary of a single-premium, universal life insurance policy ("the Policy") purchased by Decedent on August 4, 1989, that provided a death benefit of $273,125.00. A/C ¶ 6. The Estate alleges that defendants: (1) on August 14, 1991, reduced the death benefit in the Policy to $150,000.00; and

(2) between 2008 and 2015, violated the terms of the Policy by increasing the cost of the insurance and/or other policy costs, thereby consuming the cash value of the Policy and causing it to lapse in November 2015, four months before Decedent's death on March 8, 2016. A/C ¶¶ 7, 9-12.

Initially, this case named only AFSI as a defendant. Complaint 1, ECF #1. However, this court permitted the Estate to file the Amended Complaint, adding AFI and Riversource. ECF #18 (granting Mot. to Amend, ECF #12).

The Amended Complaint alleges claims for: (1) breach of contract ("First Claim"); (2) breach of the duty of good faith and fair dealing ("Second Claim"); and (3) elder abuse under ORS Chapter 124 ("Third Claim"). The Estate has now filed a second Motion to Amend the Complaint (ECF #30). The proposed Second Amended Complaint ("SAC") would add a Fourth Claim for common law fraud and a Fifth Claim for rescission, as well as a series of additional factual allegations in support of those claims. ECF #30-1, Ex. 1

Defendants filed an opposition to the Estate's motion, combined with AFI's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to FRCP 12(B)(2) ("Comb. Opp.", ECF #34). In separate Findings and Recommendations, to be entered immediately after entry of this Opinion and Order, this court concludes that AFI's motion should be granted and that one portion of the Estate's Motion to Amend (addition of the Fifth Claim) should be disallowed. For the reasons in this Opinion and Order, the Estate's Motion to Amend is GRANTED to the extend it seeks to add a Fourth Claim for common law fraud.[1]

---

[1] A "magistrate judge's decision to *grant* a motion to amend is not generally dispositive; whether the *denial* of a motion to amend is dispositive is a different question entirely." *Bastidas v. Chappell*, 791 F.3d 1155, 1164 (9th Cir. 2015) (emphasis in original). This Opinion and Order allows addition of the Fourth Claim for common law fraud. In a separate Findings and

# ANALYSIS

## I. Combined Motion in Opposition

Defendants' "Combined" Opposition to the Estate's Motion to Amend and Motion to Dismiss is not permitted under Local Rule 7-1(b), which provides that "[m]otions may not be combined with any response, reply, or other pleading." Nevertheless, AFI's motion occupies an entirely separate section and AFI has complied with the certification of conferral requirements with regard to its motion. Comb. Opp. 4, 21-28, ECF #34. Thus, this court will consider AFI's motion in separately filed Findings and Recommendations.

## II. Addition of the Fourth Claim for Fraud

The Estate seeks to add a Fourth Claim for Fraud and a Fifth Claim for Rescission. For the reasons set forth in the accompanying Findings and Recommendations, the motion to dismiss the Fifth Claim should be granted. However, for the reasons that follow, the Fourth Claim is allowed.

### A. Legal Standard

"Rule 15(a) declares that leave to amend shall be freely given when justice so requires; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted). A ruling on a requested amendment is reviewed for an abuse of discretion. *Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 871 (9th Cir. 2016) (citations omitted). When exercising its discretion on a motion to amend, the court should be guided by the underlying purpose of FRCP 15(a), which is "to facilitate decisions on merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). Thus, leave to amend is to be granted with "extreme liberality." *Desertrain v.*

---

Recommendations, this court recommends dismissal of the claims against AFI and denial of the Motion to Amend, insofar as it seeks to add the Fifth Claim for rescission.

*City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted).

The court may consider factors "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment" and deny leave to amend on those or similar grounds. *Foman*, 371 U.S. at 182. However, "outright refusal to grant leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id*.

Absent prejudice, there is a strong presumption in favor of granting leave to amend. *Eminence Capital, LLC*, 316 F.3d at 1052 (citation omitted). Nevertheless, futility may support denial of a motion to amend if it is clear that the pleading, as amended, is subject to dismissal and cannot be cured by amendment. *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citations omitted). "Leave to amend is warranted if the deficiencies can be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint." *Id*. (citation and internal quotation marks omitted).

### B. Futility

Defendants contend that the amendments proposed in the SAC are futile for two basic reasons. First, defendants raise several issues, all of which hinge upon the premise that the actions about which the Estate claims took place long before 2010, when the Estate alleges defendants initiated the "scheme to defraud Decedent of her life insurance benefits." SAC ¶ 9. That premise then leads to various arguments, including that the claims are time-barred, or

barred under the terms of a previous Class Action Settlement Order. This court rejects those arguments on the ground that the Estate clearly relies on harmful conduct much later than defendants claim. Second, defendants contend that the newly-alleged Fourth Claim for common law fraud is not pled with the particularity required under FRCP 9(b). For the reasons below, this court also rejects that suggestion.

### 1. Release of Claims in Class Action Settlement/Claim Preclusion

This court construes the allegations in the SAC in the Estate's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding the court assumes that all the allegations in the complaint are true (even if doubtful in fact)). Those allegations include (1) the purchase by Decedent of a single premium policy with a minimum death benefit of $273,125.00 in 1989, (2) a reduction in the Policy's death benefit to $150,000.00 in August 1991, and (3) a series of undisclosed premium charges between 2010 and 2016, resulting in a lapse of the Policy in November 2015, just a few months before Decedent's death. SAC ¶¶ 6-7, 9.

Defendants contend that all of the Estate's proposed claims are barred by the terms of a class action settlement in May 2001, i.e., the "*Benacquisto* Settlement Order."[2] Comb. Opp. 11-13, ECF #34; Declaration of Rachel Heidelberger ("Heidelberger Decl."), Ex. 11, ECF #35. They point out that the *Benacquisto* Settlement Order disposed of various types of "Released Conduct," and contend that the Estate's claims arising from alleged misrepresentations of the Policy and the administration of and handling of premiums on the Policy are barred because Decedent did not opt out of the settlement class. Comb. Opp. 8, 13, ECF #34. They also contend that the claims are barred by claim preclusion. *Id.* at 12.

---

[2] Defendants also generally contend that the Estate's claims are time-barred or do not meet the standard set out in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Comb. Opp. 10, ECF #34. This argument is wholly undeveloped and is rejected.

5 – OPINION AND ORDER

However, the Estate alleges premium charges beginning about a decade *after* the class action settlement and not discovered until Decedent's death. SAC ¶¶ 9-11. Among other things, the *Benacquisto* Settlement Order expressly preserves class members' rights to raise claims that post-date the last day of the class period. Heidelberger Decl., Ex. 11, at 54-55. That is exactly what is alleged here. Accordingly, this court rejects defendants' argument that the *Benacquisto* Settlement Order renders the Estate's claims futile.

2.  **Failure to Plead Fraud with Particularity Under FRCP 9(b)**

Defendants also contend that the Fourth Claim fails because it is time-barred and because the Estate has failed to plead its fraud claims with the particularity required under FRCP 9(b).

Again relying on the *Benacquisto* Settlement Order, defendants assert that the fraud claim is time-barred because, in 2001, when the settlement order was entered, Decedent was notified that she was a class member in a case alleging "exactly the type of conduct plaintiff now alleges as the basis of its fraud and misrepresentations regarding the 'single premium' life insurance policy." Comb. Opp. 15, ECF #34. However, again, this argument misses the mark. The Estate's claim turns on allegedly undisclosed conduct post-dating the *Benacquisto* Settlement Order by a decade. Defendants dispute that Decedent was unaware of the premium charges based both on the notice in the class action and based on certain other allegations in the SAC regarding premiums. However, at this juncture, this court construes the pleadings in favor of the Estate. It therefore takes the allegation of "undisclosed" premium charges at face value and does not delve into what discovery may or may not eventually reveal about what Decedent knew or should have known when.

Lastly, defendants contend that the Estate has failed to plead the fraud claims with the particularity required under FRCP 9(b), which states that a party alleging fraud or mistake "must

state with particularity the circumstances constituting fraud or mistake." In its Fourth Claim, the Estate alleges that defendants, acting in concert, began charging excessive premiums and service charges against the Policy in order to deplete all the reserves and cause the Policy to lapse in order to avoid paying a death benefit. SAC ¶ 33, ECF #30-1, Ex. 1. In addition, the Estate alleges that the "charging was not and could not have been reasonably discovered prior to [Decedent's] death due to concealment by the defendants." *Id*.

"Silence or nondisclosure can be the basis for a fraud action. . . . Where fraud is based on actual concealment, as opposed to simple nondisclosure, a duty to speak is not required." *Caldwell v. Pop's Homes, Inc.*, 54 Or. App. 104, 113 (1981) (citations omitted). The essence of the allegations here is identical to those in *Caldwell*. The Estate alleges that the Decedent bargained for and, at all times, believed she purchased a "single premium" policy and that no additional payments were due after her lump-sum payment. The Estate alleges that, acting in concert, defendants began charging premiums, and actively concealed those charges from Decedent, all in an effort to cause the Policy to lapse before her death so that no death benefit would be payable. Hobbled by a lack of documents, the Estate alleges that it is, as yet, "unknown when defendants began this fraudulent conduct but it is known that it was systematic and continued to the date of [Decedent's] death and continues to this day." SAC ¶ 38, ECF #30-1, Ex. 1. This court is not persuaded that the allegations of the Fourth Claim are "entirely implausible" (Comb. Opp. 15), nor is it persuaded that the SAC gives defendants inadequate notice of the Estate's claim to allow the formulation of a response. Thus, to the degree it seeks to add a Fourth Claim for common law fraud, the motion to amend is granted.

///

///

**ORDER**

For the reasons stated above, the Estate's Motion to Amend to add a Fourth Claim for common law fraud (part of ECF #30) is GRANTED. The Second Amended Complaint shall be filed within 10 days following a final ruling on the accompanying Findings and Recommendation regarding the Motion to Amend to add a Fifth Claim (part of ECF #30) and defendants' Motion to Dismiss (part of ECF #34).

DATED February 13, 2018.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge