IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ESTATE OF MARJORY GAIL THOMAS OSBORN-VINCENT**,

       Plaintiff,

   v.

**AMERIPRISE FINANCIAL SERVICES, INC.** a Delaware Corporation, et al.,

       Defendants.

No. 3:16-cv-02305-YY

OPINION AND ORDER

**MOSMAN, J.**,

On February 13, 2018, Magistrate Judge Youlee Yim You issued her Amended Findings and Recommendation ("F&R") [58], recommending GRANTING in part and DENYING in part Plaintiff Estate of Marjory Gail Thomas Osborn-Vincent's ("Estate") Motion for Leave to Amend the Pleadings [30], recommending GRANTING Ameriprise Financial, Inc.'s ("AFI") Motion to Dismiss for Lack of Personal Jurisdiction [34], and DENYING Defendants' AFI, American Financial Services, Inc., and Riversource Life Insurance Company (collectively "Defendants") Motion to dismiss the Estate's elder abuse claim under ORS Chapter 124 (the "Third Claim") [34].

1 – OPINION AND ORDER

Defendants filed objections [61], and the Estate responded to the objections [67].[1]
Defendants assert that I should not adopt Judge You's F&R with respect to the Estate's common law fraud and elder abuse claims and should deny leave to the Estate to file amended pleadings that include these claims. Defendants also ask that I correct a typographical error on page 10 of the F&R when adopting Judge You's F&R's.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendations as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny with which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

Upon careful review, I agree with Judge You's recommendations and ADOPT her Findings and Recommendation [58] as my own opinion, with one clarification: it is clear that Judge You inadvertently left out the word "not" in the sentence on page 10 of the F&R's that

---

[1] In its Response to Defendants' Objections to Judge You's F&R's, the Estate appears to object to Judge You's finding that the Court lacks personal jurisdiction over AFI. (Resp. at 16-17, dkt. no. 67). This objection is untimely; the Court's scheduling order [58] required the parties to file objections by February 27, 2018, and the Estate did not seek an extension of this deadline. Regardless, nothing in the Estate's objection undermines Judge You's finding that the record does not support the exercise of jurisdiction over AFI.

2 – OPINION AND ORDER

says "Decedent's rescission claim is foreclosed by the fact she signed documents allowing the amendment in 1991 yet did provide notice of intent to rescind for over 20 years."  The sentence should say:  "Decedent's rescission claim is foreclosed by the fact she signed documents allowing the amendment in 1991 yet did *not* provide notice of intent to rescind for over 20 years."

To the extent that Defendants ask me to offer advisory rulings about damages not sought or defenses not raised, I find that such rulings would be inappropriate and decline to do so.

I GRANT the Estate's Motion for Leave to Amend Pleadings [30] with respect to the Third and Fourth Claims and DENIED with respect to the Fifth Claim.  I GRANT AFI's Motion to Dismiss for Lack of Personal Jurisdiction [34], and I DENY Defendants' opposition to the Estate amending its pleadings to add a claim for elder abuse [34] that Judge You construed as a Motion to Dismiss the Third Claim in the Estate's amended pleading.  The Estate's Second Amended Complaint is due within 10 days of the date this Opinion and Order is filed, as set forth in Judge You's February 13, 2018, Order [57].

IT IS SO ORDERED.

DATED this <u>30th</u> day of March, 2018.

/s/ Michael W. Mosman ----------
MICHAEL W. MOSMAN
Chief United States District Judge