**Janet K. Larsen**, OSB No. 950279
larsenj@lanepowell.com
**Hans N. Huggler**, OSB No. 144993
hugglerh@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2154
Facsimile: 503.778.2200

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| THE ESTATE OF MARJORY GAIL THOMAS OSBORN-VINCENT, | Case No. 3:16-cv-02305-YY |
| Plaintiff, | Defendants' ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FOURTH AMENDED COMPLAINT |
| v. | |
| AMERIPRISE FINANCIAL SERVICES, INC., a Delaware Corporation, and RIVERSOURCE LIFE INSURANCE COMPANY, a Minnesota Corporation | DEMAND FOR JURY TRIAL |
| Defendants. | |

Defendants Ameriprise Financial Services, Inc. ("AFSI") and RiverSource Life Insurance

Company ("RiverSource") (collectively "defendants") hereby answer plaintiff's Fourth Amended

Complaint as follows:

PAGE 1 -    ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FOURTH
            AMENDED COMPLAINT

130532.0001/7342552.1

1.     Answering paragraph 1, plaintiff's characterizations and descriptions of the action are not allegations of fact that warrant a response from defendants but, to the extent that paragraph 1 consists of allegations of fact that warrant a response, defendants deny the same.

2.     Answering paragraph 2, defendants admit that plaintiff is the Estate of Marjory Gail Thomas Osborn-Vincent ("Estate"), that Marjory Gail Thomas Osborn-Vincent ("Osborn-Vincent") died on March 8, 2016, and that Osborn-Vincent was 94 years old at the time of her death.  Defendants are without sufficient information to admit or deny the remaining allegations in paragraph 2 and, therefore, defendants deny the same.  Except as expressly admitted, defendants deny the allegations of paragraph 2.

3.     Answering paragraph 3, defendant AFSI admits that it is a Delaware corporation with its principal place of business in Minneapolis, Minnesota.  Defendant AFSI admits that IDS Financial Services, Inc. ("IDS Financial") is a predecessor entity of AFSI, and that AFSI is registered to conduct business in Oregon and has been since 2005.  Except as expressly admitted, AFSI denies the allegations of paragraph 3.

4.     Answering paragraph 4, defendant RiverSource admits that it is a Minnesota corporation with its principal place of business in Minnesota and that it is a subsidiary entity of Ameriprise Financial, Inc. ("AFI").  Defendant RiverSource further admits that it is licensed to sell and administer insurance and annuity products.  Defendant AFSI admits that it is an indirect subsidiary entity of AFI.  Except as expressly admitted, defendants deny the remaining allegations of paragraph 4.

5.     Answering paragraph 5, defendants admit that IDS Life Insurance Company ("IDS Life") conducted business in the United States.  Defendants also admit that Osborn-Vincent purchased a flexible premium adjustable life insurance policy identified as policy no. 9090-xxxxx647 (the "Policy") from IDS Life.  Defendants further admit that AFI began using the RiverSource brand for insurance and annuity products sold by its life insurance subsidiary

PAGE 2 -     ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FOURTH
             AMENDED COMPLAINT

companies in 2005 and that IDS Life changed its name to RiverSource on or about December 31, 2006. Except as expressly admitted, defendants deny the allegations of paragraph 5.

6.    Answering paragraph 6, Defendants admit that RiverSource began using the RiverSource brand for insurance and annuity products in or about 2005. Defendants admit that IDS Life changed its name to RiverSource on or about December 31, 2006. Except as expressly admitted, defendants deny the allegations of paragraph 6.

7.    Answering paragraph 7, defendants deny the allegations in paragraph 7 and also object to the allegations of paragraph 7 as misstatements of historical allegations without relevance to the issues in this dispute.

8.    Answering paragraph 8, defendants admit that, based on the allegations in the Fourth Amended Complaint, this Court has subject matter jurisdiction over defendants pursuant to 28 U.S.C. § 1332. Except as expressly admitted, defendants deny the allegations of paragraph 8.

9.    Answering paragraph 9, defendants admit that, based on the allegations in the Fourth Amended Complaint, AFSI conducts business in Oregon and that this court has subject matter jurisdiction over AFSI pursuant to 28 U.S.C. § 1332. Except as expressly admitted, defendants deny the remaining allegations of paragraph 9.

10.    Answering paragraph 10, defendants admit that, based on the allegations in the Fourth Amended Complaint, subject matter jurisdiction over RiverSource in this matter is proper pursuant to 28 U.S.C. § 1332. Except as expressly admitted, defendants deny the allegations of paragraph 10.

11.    Answering paragraph 11, defendants admit that this action is properly venued in this Court.

12.    Answering paragraph 12, defendants admit that on August 4, 1989, Osborn-Vincent purchased the Policy from IDS Life. Defendants also admit that Osborn-Vincent purchased the Policy in Portland, Oregon. Except as expressly admitted, defendants deny the allegations of paragraph 12.

PAGE 3 -    ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FOURTH
           AMENDED COMPLAINT

13.     Answering paragraph 13, defendants admit that the Policy had an initial specified amount of $273,125. Defendants also admit and aver that on or about July 11, 1989, Osborn-Vincent purchased a deferred fixed retirement annuity offered by IDS Life for $50,000 ("Fixed Annuity") and made an investment of $91,500 into a tax exempt bond fund ("Bond Fund") offered by IDS Financial. Except as expressly admitted, defendants deny the allegations of paragraph 13.

14.     Answering paragraph 14, defendants admit that on or about July 11, 1989, Osborn-Vincent wrote a check to IDS Life in the amount of $51,000, designating on the check that $1,000 of the amount was a payment on the Policy and $50,000 of the amount was a payment on the Fixed Annuity. Defendants further admit that on July 11, 1989, Osborn-Vincent wrote a check in the amount of $29,000 to IDS Financial, designating on the check that it was a payment for her investment in the Bond Fund. Except as expressly admitted or averred, defendants deny the allegations of paragraph 14.

15.     Answering paragraph 15, the terms of the Policy speak for themselves. Except as expressly admitted, defendants deny the allegations of paragraph 15.

16.     Answering paragraph 16, the terms of the Fixed Annuity speak for themselves. Defendants further admit that on March 18, 1998, Osborn-Vincent surrendered the Fixed Annuity and directed IDS Life to transfer the surrender value of $87,055.37 to the Vanguard Group of Investment Companies ("Vanguard"). Except as expressly admitted or averred, defendants deny the allegations of paragraph 16.

17.     Answering paragraph 17, defendants are without sufficient information to admit or deny the allegations involving Osborn-Vincent's financial products purchased through Vanguard, and, therefore, defendants deny the same. Defendants also deny any implication that it had legal right or responsibility to contact Vanguard and/or to direct Vanguard to release funds from Osborn-Vincent's Vanguard controlled accounts. Except as expressly admitted, defendants deny the allegations of paragraph 17.

PAGE 4 -     ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FOURTH AMENDED COMPLAINT

130532.0001/7342552.1

18.    Answering paragraph 18, defendants admit that on or about August 21, 1989, Osborn-Vincent wrote a check to IDS Life in the amount of $62,500 for the Policy and to IDS Financial in the amount of $62,500 for the Bond Fund.  Defendants admit that Osborn-Vincent paid a total amount of $63,500.00 to IDS Life for the Policy and invested a total amount of $91,500.00 with IDS Financial for the Bond Fund.  Except as expressly admitted, defendants deny the allegations of paragraph 18.

19.    Answering paragraph 19, defendants admit that on August 14, 1991, Osborn-Vincent signed and submitted an application amending the Policy's specified amount from $273,125 to $150,000.  Defendants further admit and aver that the amendment was per Osborn-Vincent's instruction and in accordance with Osborn Vincent's application amending the Policy. Except as expressly admitted or averred, defendants deny the allegations of paragraph 19.

20.    Defendants deny the allegations of paragraph 20.

21.    Defendants deny the allegations of paragraph 21.

22.    Defendants deny the allegations of paragraph 22.

23.    Answering paragraph 23, defendants admit that in 1994 Osborn-Vincent liquidated the Bond Fund and received a cash payment in the amount of $83,362.50.  Except as expressly admitted, defendants deny the allegations of paragraph 23.

24.    Defendants deny the allegations of paragraph 24.

25.    Answering paragraph 25, defendants admit that on November 2, 2009, Osborn-Vincent amended the designated beneficiary of the Policy and identified plaintiff as the beneficiary of the Policy.  Except as expressly admitted, defendants deny the allegations of paragraph 25.

26.    Defendants deny the allegations of paragraph 26.

27.    Defendants deny the allegations of paragraph 27.

28.    Defendants deny the allegations of paragraph 28.

29.    Defendants deny the allegations of paragraph 29.

PAGE 5 -    ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FOURTH
            AMENDED COMPLAINT

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

130532.0001/7342552.1

30.     Defendants deny the allegations of paragraph 30.

31.     Answering paragraph 31, defendants are without sufficient knowledge of the information alleged in the first sentence of paragraph 31, and, therefore, defendants deny the same. Defendants admit and aver that RiverSource sent notices of the Policy's lapse to the last known address provided by Osborn-Vincent to defendants.  Except as expressly admitted or averred, defendants deny the allegations of paragraph 31.

32.     Answering paragraph 32, defendants deny that the Policy was a single premium policy.  Defendants admit that the Policy lapsed in November 2015.  Defendants admit and aver that RiverSource sent Osborn-Vincent quarterly and annual statements regarding the Policy that notified her of the anticipated date of lapse of the Policy absent additional payments from her to cover the costs owed on the Policy.  Defendants also admit and aver that RiverSource sent Osborn-Vincent notice of the Policy's lapse to the last known address provided by Osborn-Vincent to defendants.  Defendants deny that a request for reinstatement of the Policy was made by Osborn-Vincent at any time prior to her death.  Defendants admit and aver that after Osborn-Vincent's death, plaintiff's lawyer, purporting to represent Osborn-Vincent, made a request for reinstatement on her behalf, without indication or implication of her passing, and that RiverSource instructed plaintiff's lawyer regarding the process for reinstatement of the Policy on behalf of Osborn-Vincent.  However, when RiverSource became aware of Osborn-Vincent's death and that her death had occurred prior to any request for reinstatement, RiverSource notified plaintiff's lawyer that the terms and conditions of the Policy did not allow for reinstatement of the Policy on behalf of Osborn-Vincent, since she was deceased at the time of the first communication from plaintiff's lawyer.  Except as expressly admitted or averred, defendants deny the allegations of paragraph 32.

33.     Answering paragraph 33, defendants admit that Osborn-Vincent died on or about March 8, 2016, at 94 years of age.  Defendants also admit that the Policy lapsed on November 8, 2015.  Except as expressly admitted, defendants deny the remaining allegations of paragraph 33.

PAGE 6 -     ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FOURTH
             AMENDED COMPLAINT

34.     Answering paragraph 34, defendants admit that RiverSource is not a financial institution as defined by ORS 706.008 or a broker-dealer licensed under ORS 59.005 to 59.505. Defendants further admit that AFSI is not a financial institution as defined by ORS 706.008. Defendants admit and aver that AFSI is a broker-dealer licensed under ORS 59.005 to 59.505 and, as such, AFSI is not subject to an action under ORS 124.100, *et seq*. Except as expressly admitted, defendants deny the allegations of paragraph 34.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract – Life Insurance Contract)

35.     Answering paragraph 35, defendants re-assert their responses to paragraphs 1 through 34.

36.     Answering paragraph 36, defendants admit that the Policy purchased by Osborn-Vincent from IDS Life (now RiverSource) was a valid life insurance contract supported by consideration. Defendants otherwise deny the allegations of paragraph 36.

37.     Defendants deny the allegations of paragraphs 37 through 41.

## SECOND CLAIM FOR RELIEF

### (Breach of Contract – Modified Endowment Contract)

38.     Answering paragraph 42, defendants re-assert their responses to paragraphs 1 through 41.

39.     Defendants deny the allegations of paragraphs 43 through 48.

## THIRD CLAIM FOR RELIEF

### (Breach of Duty of Good Faith and Fair Dealing)

40.     Answering paragraph 49, defendants re-assert their responses to paragraphs 1 through 48.

41.     Answering paragraphs 50 through 52, defendants deny the allegations of paragraphs 50 through 52.

PAGE 7 -     ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FOURTH
             AMENDED COMPLAINT

## FOURTH CLAIM FOR RELIEF

### (Elder Abuse – ORS 124.100-124.140)

42.    Answering paragraph 53, defendants re-assert their responses to paragraphs 1 through 52.

43.    Answering paragraph 54, defendants admit that Osborn-Vincent was 68 years old at the time she purchased the Policy.  The remainder of the allegations contained in paragraph 54 call for a legal conclusion for which no response is required.  Except as expressly admitted, Defendants deny the remaining allegations of paragraph 54.

44.    Answering paragraphs 55 through 59, defendants deny the allegations of paragraphs 55 through 59.

45.    Answering paragraph 60, defendants deny that a copy of the Complaint was served on the state Attorney General within 30 days after the commencement of this action, as required by the Elder Abuse statutes.

## FIFTH CLAIM FOR RELIEF

### (Fraud Common Law)

46.    Answering paragraph 61, defendants re-assert their responses to paragraphs 1 through 60.

47.    Answering paragraphs 62 through 70, defendants deny the allegations of paragraphs 62 through 70.

## JURY TRIAL DEMAND

48.    Answering paragraph 71, plaintiff's demand for jury trial requires no response.

## PRAYER FOR RELIEF

49.    Answering the prayer for relief, defendants deny that plaintiff is entitled to any relief on the claims pleaded or otherwise.

PAGE 8 -    ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FOURTH
            AMENDED COMPLAINT

130532.0001/7342552.1

## DEFENSES AND AFFIRMATIVE DEFENSES

50.    For further answer, defendants allege the following defenses and affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

51.    One or more of plaintiff's claims fail to allege facts sufficient to constitute a claim for relief.  Specifically, plaintiff fails to state and cannot prove its claims because of the following reasons, among others:

a.    Plaintiff's claims for breach of the Policy, breach of a Modified Endowment Contract ("MEC") and for breach of the implied duty of good faith and fair dealing are legally defective because:

(1)    Plaintiff has not alleged and cannot prove the elements required to prove a claim for breach of contract or breach of the implied covenant of good faith and fair dealing;

(2)    The IRS's treatment of the Policy as a Modified Endowment Contract did not alter the contractual terms of the Policy or create a separate contract;

(3)    The charges assesssed against the Policy were in accordance with the Policy's terms;

(4)    The Policy is a regulated financial product and its terms, including the cost of insurance charged to Osborn-Vincent on the Policy were approved by the state insurance regulator before the Policy was offered to the public;

(5)    The lapse of the Policy resulted from Osborn-Vincent's failure to pay amounts owed on the Policy, to notify defendants of her change of address and/or to fulfill the conditions of insurability required to reinstate the Policy;

PAGE 9 -    ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FOURTH
            AMENDED COMPLAINT

(6)    Plaintiff has no standing to complain of the loss of benefits under the Policy because the Policy lapse occurred prior to Osborn-Vincent's death and she did nothing to reinstate it; and,

(7)    Plaintiff is barred from seeking damages that exceed and/or are equivalent to the initial specified amount of the Policy due to the amendment of the Policy in 1991 and the court's determination that plaintiff's claim for rescission of the 1991 amendment is untimely.

b.    Plaintiff's claim for Elder Abuse pursuant to ORS 124.110(1)(a) or (b) is legally defective because:

(1)    ORS 124.115 expressly states that broker-dealers licensed under ORS 59.005 to 59.505 are not subject to action under ORS 124.100, and AFSI is a broker-dealer licensed under ORS 56.005 to 59.505;

(2)    Plaintiff cannot prove a claim based on ORS 124.110(1)(a) or (b) because of the Supreme Court's holding in *Bates v. Bankers Life & Casualty Co.*, 362 Or. 337 (2018);

(3)    Plaintiff cannot prove the elements of a claim under ORS 12.110(1)(a) because plaintiff cannot establish a wrongful taking by defendants of Osborn-Vincent's money or property;

(4)    Plaintiff cannot prove the elements of a claim under ORS 124.110(1)(b) because plaintiff cannot prove: (i) money or property held or controlled by defendants belonged to or was held by them in express trust, constructive trust or a resulting trust for Osborn-Vincent; (ii) Osborn-Vincent made a demand of any kind for a payment of money that belonged to her or was held by defendant in express trust, constructive trust or resulting trust for Osborn-Vincent and/or (iii) defendants, without good cause rejected a request made by Osborn-Vincent for return of money or property that belonged to or was held in express trust, constructive trust or a resulting trust for Osborn-Vincent.

PAGE 10 -    ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FOURTH
            AMENDED COMPLAINT

c.       Plaintiff has not alleged and cannot prove a claim for fraud because:

(1)      The terms of the Policy expressly notified Osborn-Vincent that she would owe amounts on the Policy and that the Policy would lapse if she failed to pay the amounts she owed on the Policy;

(2)      The costs of insurance owed by Osborn-Vincent from 2010 through 2015 were charged to Osborn-Vincent in accordance with the Policy's terms that existed and remained in place as of the effective date of the Policy;

(3)      Osborn-Vincent's obligations to pay costs on the Policy are expressly set forth in the terms of the Policy and representations related to the illustrated account value or cash value of the Policy, the interest crediting rate of the Policy, the Policy's mortality and expense charges and/or cost of insurance, administrative or other charges under the terms of the Policy are issues that were already litigated in *Benacquisto v. American Express Fin. et al.*, No. 00-cv-01980 DSD-JMM, 2000 WL 35571427 ("*Benacquisto* Litigation") and, as such, are barred and precluded by the class action settlement approved in the *Benacquisto* Litigation, as well as the applicable statute of limitations and/or statute of repose; and,

(4)      The amounts owed by Osborn-Vincent from 2010 to 2015 depend on the terms of the Policy and are contractual in nature.

## SECOND AFFIRMATIVE DEFENSE

### (Limitations and Laches)

52.      Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, statutes of repose, or the equitable defense of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

53.      Plaintiff had no rights as a beneficiary until Osborn-Vincent's death and lacks standing to complain of the terms and administration of the Policy during Osborn-Vincent's lifetime, including the lapse of the Policy.  Likewise, Osborn-Vincent was not entitled to receive

PAGE 11 -     ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FOURTH
                      AMENDED COMPLAINT

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100  FAX: 503.778.2200

130532.0001/7342552.1

the death benefit amount prior to her death, so plaintiff has no standing to demand payment of the death benefit amount on Osborn-Vincent's behalf and after her death and the lapse of the Policy.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

54.     Any claim premised on RiverSource's failure to pay policy benefits to plaintiff as a beneficiary of the Policy is barred by Osborn-Vincent's failure to satisfy the conditions precedent required of the Policy.  Specifically, Osborn-Vincent failed to pay what she owed under the terms of the Policy to avoid a lapse of the Policy and did not seek reinstatement or satisfy the conditions required under the Policy's terms to reinstate the Policy prior to her death.  Osborn-Vincent also failed to comply with the instructions provided her regarding a change of her address.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

55.     Osborn-Vincent and/or plaintiff failed to mitigate the damages they allege by failing to pay the costs required under the terms of the Policy to avoid a lapse and/or to notify the Policy issuer and/or administrator of a change of address or to take the steps required under the Policy to reinstate the Policy prior to Osborn-Vincent's death.

## SIXTH AFFIRMATIVE DEFENSE

### (Broker-Dealer Status)

56.     AFSI is a broker-dealer licensed under ORS 59.005 to 59.505 and not subject to an action under ORS 124.100 *et seq.*

## SEVENTH AFFIRMATIVE DEFENSE

### (Compliance with ORS 124.100(6))

57.     Plaintiff's claims pursuant to ORS 124.100 *et seq.* do not comply with the mandatory requirements set forth under ORS 124.100(6).

PAGE 12 -    ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FOURTH
                  AMENDED COMPLAINT

## EIGHTH AFFIRMATIVE DEFENSE

### (Compliance with State-Approved Policy Form)

58.    The Policy terms, including the amounts charged for the Policy were reviewed and approved by the state insurance authorities prior to Osborn-Vincent's purchase of the Policy.

## NINTH AFFIRMATIVE DEFENSE

### (Claim and Issue Preclusion)

59.    Plaintiff's claims and issues raised in the Fourth Amended Complaint are precluded, in whole or in part, by an approved class action settlement release and judgment obtained in another proceeding and binding on plaintiff.

## TENTH AFFIRMATIVE DEFENSE

### (Satisfaction)

60.    Osborn-Vincent accepted an Accidental Death Benefit for a period of three years in an amount of $24,500.00 to settle her potential claims covered by the litigation entitled *Benacquisto v. American Express Fin. et al.*, No. 00-cv-01980 DSD-JMM, 2000 WL 35571427 (Benacquisto Litigation"). As a result, plaintiff is barred from re-litigating like-kind issues on Osborn-Vincent's behalf involving the Policy or Fixed Annuity.

61.    In 1994, Osborn-Vincent liquidated the Bond Fund, receiving a check in an amount of $83,362.50 from IDS Financial in liquidation of the Bond Fund. In 1998, Osborn-Vincent surrendered the Fixed Annuity and directed IDS Life to transfer the surrender value amount of $87,055.37 to the Vanguard Group of Investment Companies ("Vanguard").

## COUNTERCLAIM

### (Attorneys' Fees)

62.    Defendants re-allege the above paragraphs 1 through 61.

63.    To the extent that plaintiff's claims against defendants are deemed meritless or lack an objectively reasonable basis, defendants seek attorneys' fees pursuant to ORS 20.105 and this

PAGE 13 -    ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FOURTH AMENDED COMPLAINT

Court's inherent equitable power to award fees due to the lack of objectively reasonable basis for the claims.

WHEREFORE having fully answered plaintiff's Fourth Amended Complaint and having stated their affirmative defenses, defendants pray for the following:

a.      Plaintiff's Fourth Amended Complaint be dismissed with prejudice and without costs or fees;

b.      Entry of a judgment in favor of defendants' counterclaims and against plaintiff's claims;

c.      An award of defendants' attorneys' fees, costs, and disbursements incurred in defending against plaintiff's Fourth Amended Complaint, as permissible under existing law and the Policy; and

d.      Such other relief as the Court deems just and proper.

DATED:  June 20, 2018

LANE POWELL PC


By    /s/ Janet K. Larsen
        Janet K. Larsen, OSB No. 950279
        Hans N. Huggler, OSB No. 144993
        Telephone: 503.778.2100
        Attorneys for Defendants

PAGE 14 -   ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIM TO FOURTH
            AMENDED COMPLAINT