UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

THE ESTATE OF MARJORY GAIL
THOMAS OSBORN-VINCENT,

        Plaintiff,

    v.

AMERIPRISE FINANCIAL SERVICES,
INC., a Delaware corporation; and
RIVERSOURCE LIFE INSURANCE
COMPANY, a Minnesota corporation,

        Defendants.

Case No. 3:16-cv-02305-YY

OPINION AND ORDER

YOU, Magistrate Judge:

    Defendants Ameriprise Financial Services, Inc. ("AFSI") and RiverSource Life Insurance Company's ("RiverSource") (collectively "defendants") have filed a Motion for Protective Order (ECF #112). Plaintiff, the Estate of Marjory Gail Thomas Osborn-Vincent ("the Estate"), opposes the motion and alternatively proposes its own form of protective order. The parties' proposed orders differ in several material respects. For the reasons set forth below, the court grants defendants' motion for protective order and adopts defendant's form of protective order.

I.  **Applicable Law**

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." FRCP 26(c)(1)(G). The party seeking protection must show specific prejudice or harm will result unless the motion for protective order is granted. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). The party must make this showing for each document it seeks to protect. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Once good cause has been shown, "the court must balance the risk of disclosure to competitors against the risk that a protective order will impair prosecution or defense of the claims." *Wilson v. Rolls-Royce Motor Cars, Inc.*, No. CIV. 93-1073-FR, 1994 WL 398347, at *1-2 (D. Or. July 22, 1994) (citing *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992)).

District courts have "broad discretion . . . to decide when a protective order is appropriate and what degree of protection is required." *Phillips*, 307 F.3d at 1211 (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)). And courts "routinely enter protective orders to prevent the undue disclosure of commercially sensitive information." *Cty. of Santa Clara v. Astra USA, Inc.*, 588 F.3d 1237, 1249 (9th Cir. 2009), *rev'd on other grounds*, *Astra USA, Inc. v. Santa Clara Cty., Cal.*, 563 U.S. 110 (2011).

II. **Discussion**

This action concerns the Estate's claims for breach of contract, breach of the duty of good faith and fair dealing, elder abuse, and fraud stemming from RiverSource's denial of a claim for proceeds on a life insurance policy. Fourth Am. Complaint ¶¶ 35-60, ECF #83. The parties have conducted some discovery, including requesting and responding to interrogatories and taking

several depositions. The Estate seeks the cost of insurance rate tables RiverSource uses when calculating the monthly cost of insurance on a given life insurance policy and RiverSource's internal manual used to explain these calculations. *See* The Estate's Request for Production No. 2, ECF #114-1; Dep. of Kristen Muetzel at 265:12-21, ECF #114-2; August 27-28, 2018 Email Exchange, ECF #114-3. The Estate contends this information is essential to the prosecution of its case. Defendants do not dispute this, but assert it is confidential business information that warrants protection from their competitors and the public.

Confidential business information is a form of property. *Carpenter v. United States*, 484 U.S. 19, 26 (1987). The property right is defined by the extent to which the owner protects its interest from disclosure to others. *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1002 (1984) (discussing how disclosure to competitors or to the public can extinguish the property right). The extinguishing of a property right is a type of harm that protective orders are meant to guard against. *See* FRCP 26(c). Here, RiverSource declares it has "invested significant time, research, and money to develop" its internal insurance rate tables and internal manual to ensure it can provide a competitive product to consumers. Decl. of Kristie Muetzel ("Muetzel Decl.") ¶ 3, ECF #113. RiverSource takes steps to prevent disclosure of this information to its competitors and the public. *Id.* ¶ 4-5. Disclosure of this information to competitors or the public would harm RiverSource's competitive advantage in the insurance industry. *Id.* ¶ 6. Thus, RiverSource has established good cause to keep this information confidential.

Defendants' proposed protective order is an almost verbatim copy of this District's model Tier 1 protective order. *Compare U.S. District Court for the District of Oregon*, Tier 1 Protective Order, https://ord.uscourts.gov/index.php/filing-and-forms/forms/civil-forms ("Tier 1 PO") *with* Defs.' Proposed Protective Order, ECF #114-4. The only difference this court could find is the addition of the words "and/or proprietary" after the second instance of the word "confidential" in the

third paragraph, which reads: "The parties, and third parties subpoenaed by one of the parties, may designate as 'Confidential' documents, testimony, written responses, or other materials produced in this case if they contain information that the producing party has a good faith basis for asserting is confidential [and/or proprietary] under the applicable legal standards." Tier 1 PO.

The defendants' proposed protective order (1) provides a process by which a producing party may designate information as "confidential" to limit its use by the other parties; (2) provides a procedure for challenging a parties' designation of material as "confidential"; (3) limits the use of designated material in public filings; and (4) requires the return or destruction of protected material at the end of litigation. It does not prevent the discovery of any documents designated as confidential; rather, it limits the parties' ability to disclose and use them outside of this litigation. As such, there is no "risk that a protective order will impair prosecution or defense of the claims." *Wilson*, 1994 WL 398347, at *1-*2.

The Estate has proposed a form of two-tiered protective order. These types of protective orders are necessary in actions where sensitive information should not be disclosed, for example, to in-house counsel involved in competitive decision making. *U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984). The Estate is not a competitor of RiverSource with in-house counsel involved in competitive decision making, nor vice versa. Therefore, a two-tiered protective order is unnecessary. Otherwise, the Estate's proposed protective order differs in one material respect. It contains a provision excluding the rates actually charged against the deceased's policy or modified endowment contract from the protection of the order. Pl.'s Proposed Protective Order ¶ 1, ECF #120-1. The Estate contends these rates should not be confidential because the policy expressly provides that the insurer "will send [the insured] a report which shows . . . all charges since the last report." Resp. at 5, ECF #116 (quoting Insurance Policy Excerpt). But a summary of charges is different than the rates, formulas, and

calculations used to generate the charges. Adopting this provision would allow the Estate to disclose confidential business information to defendants' detriment, defeating the purpose of issuing a protective order.

## III. Conclusion

For the reasons set forth above, the court grants defendant's motion for protective order (ECF #112) and adopts defendants' form of protective order (ECF #114-4). The court will separately issue a protective order to that effect.

IT IS SO ORDERED.

DATED December 27, 2018.

/s/ Youlee Yim You

Youlee Yim You
United States Magistrate Judge