UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THE ESTATE OF MARJORY GAIL THOMAS OSBORN-VINCENT, | |
| Plaintiff, | Case No. 3:16-cv-02305-YY |
| v. | OPINION AND ORDER |
| AMERIPRISE FINANCIAL SERVICES, INC., a Delaware corporation; and RIVERSOURCE LIFE INSURANCE COMPANY, a Minnesota corporation, | |
| Defendants. | |

YOU, Magistrate Judge:

Defendants move the court to order plaintiff and nonparty witness William Osborn ("Osborn") to show cause why they should not be held in contempt for failing to comply with a court order, to compel Osborn to sit for a deposition, to extend related discovery deadlines, and to award defendants' related attorney's fees and costs. Mot. Order Show Cause 2, 9, ECF #164. The court finds this matter suitable for decision without oral argument under LR 7-1(d)(1). For the reasons set forth below, the motion is denied in part and granted in part.

1 – OPINION AND ORDER

I.  **Undisputed Facts**[1]

The parties tentatively agreed to hold Osborn's deposition on June 20, 2019.  Decl. Hans Huggler ¶¶ 3-5, ECF #165.  However, on May 31, 2019, defendants (and others) filed a motion to enforce the *Benacquisto* class action settlement in the District of Minnesota.  *See* Motion to Enforce Class-Action Settlement and Final Order and Judgment, *Benacquisto, et al. v. American Express Fin, et al.*, 0:00-cv-01980-DSD-ECW (D. Minn. Aug. 21, 2000), ECF #603.  Thereafter, counsel in this case argued with each other about noticing Osborn's deposition, and ultimately defendants personally served Osborn with a subpoena on June 11, 2019.  Huggler Decl. ¶¶ 6-8, Ex. 6, ECF #165.  Osborn told defendants that he "object[ed] to the subpoena." *Id.*, Ex. 7, at 1-2, 6-7, ECF #165.  He reasoned that, if the District of Minnesota granted defendants' newly filed motion to enforce the *Benacquisto* settlement, it could render this action moot or even expose plaintiff to sanctions from the Minnesota court, so it made sense to postpone the deposition until after that motion is resolved.  *Id.* at 1-2, 7.  Defendants responded that the July 1, 2019 discovery deadline in this action was rapidly approaching and they would seek appropriate relief from the court if Osborn did not comply with the subpoena.  *Id.* at 6.  Osborn represented that he would "attend and give his deposition, but only upon a date that is mutually workable for both of our offices, and that takes into account [defendants'] efforts in Minnesota." *Id.* at 5.  Plaintiff's counsel also expressed the challenges of securing Minnesota counsel and responding to the Minnesota motion while maintaining his current workload.  *Id.*

---

[1] Plaintiff and Osborn do not dispute defendants' version of the facts, *see* Resp. Mot. Order Show Cause 3, ECF #169, so the court cites almost exclusively to defendants' supporting materials even though plaintiff and Osborn provide duplicate exhibits.  *See* Decl. Roy Thompson ¶¶ 3-4, Exs. 2-3 (offering same set of email exchanges between counsel).

## II. Relevant Law

Federal Rule of Civil Procedure 45(g) provides that the court "may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." The rule is permissive. "If the deponent disobeys the subpoena, the district court *can* hold the deponent in contempt." *Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1222 (9th Cir. 2018) (citing FRCP 45(g)) (emphasis added). "The district court has wide latitude in determining whether there has been a contemptuous defense of its order." *Stone v. City & Cty. of S.F.*, 968 F.2d 850, 856 (9th Cir. 1992), *as amend. on den. of reh'g* (Aug. 25, 1992) (citation and quotation marks omitted)).

"In civil litigation, it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena." FRCP 45 advisory committee notes to the 2013 amendment. Generally, "[c]ontempt proceedings are instituted by the issuance of an order to show cause why a contempt citation should not issue and a notice of a date for the hearing." *Alcalde v. NAC Real Estate Invs. & Assignments, Inc.*, 580 F. Supp. 2d 969, 971 (C.D. Cal. 2008).

As "a civil contempt proceeding is a trial within the meaning of [Rule] 43(a) rather than a hearing on a motion within the meaning of [Rule 43(e),] the issues may not be tried on the basis of affidavits." *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 495 (9th Cir. 1983) (quoting *Hoffman ex rel N.L.R.B. v. Beer Drivers & Salesmen's Local Union No. 888*, 536 F.2d 1268, 1277 (9th Cir. 1976)) (quotation marks omitted). However, when the material facts are undisputed, the court need not conduct an evidentiary hearing. *See Hoffman*, 536 F.2d at 1277 ("A trial court may in a contempt proceeding narrow the issues by requiring that affidavits on file be controverted by counter-affidavits and may thereafter treat as true the facts set forth in

uncontroverted affidavits."); *Scruggs v. Vance*, No. 2:06-CV-0633 KJM KJN, 2011 WL 6368297, at *15 (E.D. Cal. Dec. 19, 2011) ("where the affidavits offered in support of a finding of contempt are uncontroverted, a full evidentiary hearing is not essential to due process[,] and the trial court may treat the facts set forth in the uncontroverted affidavits as true") (citing *Peterson v. Highland Music*, 140 F.3d 1313, 1324 (9th Cir. 1998)); *e.g.*, *United States v. Lonnen*, No. 1:15MC44, 2016 WL 4194243, at *5 (M.D.N.C. Aug. 8, 2016) (citing *Hoffman* and granting a motion for civil contempt on uncontroverted affidavits and issuing an arrest warrant).

"The party moving for contempt bears the burden of establishing by clear and convincing evidence that the contemnor has violated a specific and definite order of the court." *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV 08-00519-MMM (RZx), 2009 WL 605789, at *2 (C.D. Cal. Mar. 9, 2009) (collecting cases). "Once the moving party shows by clear and convincing evidence that the contemnor has violated a specific and definite order of court, the burden shifts to the contemnor to demonstrate that he or she took every reasonable step to comply, and to articulate reasons why compliance was not possible." *Id.* (collecting cases).

**III.  Discussion**

Here, as the parties do not dispute any material facts, the court need not hold an evidentiary hearing. *Hoffman*, 536 F.2d at 1277; *Lonnen*, 2016 WL 4194243, at *5; *Scruggs*, 2011 WL 6368297, at *15. The court, therefore, resolves the motion on the uncontroverted affidavits.

Even assuming defendants have met their burden of establishing by clear and convincing evidence that Osborn refused to comply with a valid subpoena commanding his attendance and testimony, and even assuming Osborn has failed to demonstrate that he took every reasonable step to comply with the subpoena or to articulate reasons why compliance was not possible, the

court declines to exercise its contempt authority at this time. The excuses that Osborn and plaintiff's counsel have offered are meager. Their fear of being sanctioned by the Minnesota court for complying with this court's orders is hypothetical at best, and their protestations that defendants have derailed this litigation are similarly lacking.

Nonetheless, defendants immediately moved for contempt proceedings and sanctions—after commencing parallel litigation across the country—without providing plaintiff's counsel with courtesy notice of their intent to file. This was an unwarranted overreaction. Considering the circumstances and Osborn's lack of history of noncompliance, holding him in contempt and awarding sanctions at this time would be punitive and unhelpful in efficiently resolving the underlying dispute. *See Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517-18 (9th Cir. 1992) (explaining that while criminal contempt sanctions should punish defiance and vindicate the court's jurisdiction, civil contempt sanctions are "wholly remedial," and should only coerce compliance and compensate the complainant for losses sustained).

## ORDER

For the above reasons, defendants' motion (ECF #164) is granted in part in that Osborn must sit for a deposition as soon as he and the attorneys are available and defendants' discovery deadline is extended to accommodate this deposition only. The motion is otherwise denied.

IT IS SO ORDERED.

DATED September 3, 2019.

/s/ Youlee Yim You

Youlee Yim You
United States Magistrate Judge