UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| THE ESTATE OF MARJORY GAIL THOMAS OSBORN-VINCENT, | |
| Plaintiff, | Case No. 3:16-cv-02305-YY |
| v. | OPINION AND ORDER |
| AMERIPRISE FINANCIAL SERVICES, INC., a Delaware corporation; and RIVERSOURCE LIFE INSURANCE COMPANY, a Minnesota corporation, | |
| Defendants. | |

YOU, Magistrate Judge:

Before the court is plaintiff's motion for extension of time to depose Trina Iijima ("Iijima") and defendants' motion for protective order quashing the Iijima deposition notice under FRCP 26(c)(1) and LR 26-4.[1] ECF ## 178, 179. The court finds these matters suitable for decision without oral argument under LR 7-1(d)(1). For the reasons set forth below, plaintiff's motion for extension of time is denied, and defendants' motion for protective order is granted.

---

[1] Plaintiff also objects to Iijima's testimony as inadmissible hearsay in its reply in support of its motion for summary judgment. Pl.'s Reply 3, ECF #166. That objection will be resolved in due course when the court considers the motion for summary judgment.

1 – OPINION AND ORDER

## I. Procedural History

In their opposition to plaintiff's motion for summary judgment (ECF #159), defendants offered documents that were attached as exhibits to Iijima's declaration. *See* Defs.' Opp'n Pl.'s Mot. Summ. J., ECF #159; Iijima Decl., Exs. 1-8, ECF #161. Iijima affirms that she is responsible for identifying and collecting corporate documents for litigation held by AFI and its subsidiaries, including Ameriprise Financial Services, Inc. ("AFSI"), and RiverSource Life Insurance Company ("Riversource"), and that the documents attached to her declaration are corporate records kept in the regular course of RiverSource's business. Suppl. Iijima Decl. ¶¶ 2-4, ECF #171. Defendants represent that they produced the documents at issue to plaintiff early during discovery, and plaintiff does not contend otherwise. Defs.' Resp. Mot. Extension 2-3, ECF #184.

Discovery closed on July 1, 2019. Order 3, ECF #150. About three weeks later, without first asking the court to modify the scheduling order to reopen discovery—or conferring with opposing counsel to find an agreeable time, date, and place for the deposition per LR 30-2—plaintiff noticed the Iijima deposition. Decl. Hans Huggler, Ex. 4, at 2, ECF #180-4. A week later, plaintiff retroactively moved for an extension of time—the same day defendants filed their motion to quash. *See* Mot. Extension, ECF #178; Mot. Quash, ECF #179.

When granting plaintiff's prior motion for extension of time last March, this court noted that it was "aware of the age of this action and [would] be hesitant to grant further motions for extension of time, especially as this motion asks for a lengthy four-month extension." Order 3, ECF #150. Plaintiff's motion for summary judgment is fully briefed, complete with sur- and sur-sur replies. Briefing for defendants' cross-motion for summary judgment is nearly complete.

This court vacated the deposition and briefing deadlines pending resolution of the present motions. Order, ECF #183.

II.     **Motions for Extension of Time and to Quash**

Federal Rule of Civil Procedure 16 requires the court to enter a scheduling order that includes a discovery deadline. FRCP 16(b)(1), (3). And this District's local rules require that all depositions be taken by the discovery deadline. LR 16-2(e)(2). "The district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding the preclusive effect of a pretrial order . . . will not be disturbed unless they evidence a clear abuse of discretion." *Jorgensen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) (citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607 (9th Cir. 1992)).

"A schedule may be modified only for good cause and with the judge's consent." FRCP 16(b)(4); LR 16-3(a) ("objections to any court-imposed deadline . . . must (1) show good cause why the deadlines should be modified, (2) show effective prior use of time, (3) recommend a new date for the deadline in question, and (4) show the impact of the proposed extension on other existing deadlines, settings, or schedules"). Moreover, "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." FRCP 26(c)(1)(A); *see also* LR 26-4.

Good cause "is an inquiry that focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007) (citing *Johnson*, 975 F.2d at 609). "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the Rule 16(b) inquiry is upon the moving party's reasons for seeking modification[,] if that party was not diligent, the inquiry should end.'" *In re W. States*

*Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015) (quoting *Johnson*, 975 F.2d at 609) (original alterations omitted). A party demonstrates good cause by establishing, among other things, that its "noncompliance with a Rule 16 deadline occurred, . . . notwithstanding [its] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference[] and that [it] was diligent in seeking amendment of the Rule 16 order[] once it became apparent that [it] could not comply with the order." *Chao v. Westside Drywall, Inc.*, 709 F. Supp. 2d 1037, 1072-73 (D. Or. 2010).

Here, plaintiff argues its noncompliance with the scheduling order was not caused by its lack of diligence but by defendants' surreptitious attempt to hide a critical witness. Pl.'s Resp. Opp'n Defs.' Mot. Quash. 5-6, ECF #182. Plaintiff contends Iijima has personal knowledge of "important and vital factors in this matter," yet defendants only revealed her existence by relying on exhibits attached to her declaration in their opposition to plaintiff's motion for summary judgment. *Id.* at 3. If true, it follows that plaintiff could not have sought to depose Iijima any sooner.

However, even assuming plaintiff was diligent, none of its reasons for deposing Iijima support a finding of good cause to modify the scheduling order. Iijima is a qualified witness under FRE 803(d) and FRE 902(11). It does not matter that she works for defendants' parent company or has changed roles or job titles. It does not matter that defendants did not produce her as their Rule 30(b)(6) corporate designee because that rule only requires that an organization produce a person who can testify about "information known or reasonably available to the organization." FRCP 30(b)(6). Even if Iijima had personal knowledge of the substance of the case, defendants were not obligated to produce her as their corporate designee. Moreover, as

clarified by her supplemental declaration, Iijima is clearly attesting to her knowledge that the documents attached to her declaration are authentic and not to substantive matters in this case. Again, plaintiff does not call into question the authenticity of any of the documents at issue, defendants' methods of maintaining these records, or Iijima's means of collecting and identifying them for this litigation. For all these reasons, plaintiff lacks good cause to amend the scheduling order.

Conversely, defendants have established good cause to quash the Iijima deposition. Discovery has closed. Briefing on pending dispositive motions is nearly complete. Defendants relied on records they produced to plaintiff during discovery (by June 2018 at the latest) in their response to plaintiff's motion for summary judgment. They attached those documents to the declaration of someone who could verify their authenticity. This is a routine exercise.

Defendants also move for reasonable expenses incurred in bringing their motion. Rule 37(a)(5)(A) provides that, when a motion for protective order is granted, the court

> must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

There is little discussion in the parties' briefing on this issue. Before making a decision on whether to award expenses under Rule 37(a)(5)(A), the court would want to give plaintiff a full opportunity to be heard, which is also something expressly required by the rule. Additionally, the court has yet to issue a final ruling regarding the admissibility of the documents attached to

Iijima's declaration, which will be resolved in deciding the parties' cross motions for summary judgment. Therefore, consideration of an award of reasonable expenses under FRCP 37(a)(5)(A) is deferred.

**ORDER**

Plaintiff's motion for extension of time (ECF #178) is DENIED, and defendants' motion for protective order quashing the deposition of Trina Iijima (ECF #179) is GRANTED, except for the issue of whether reasonable expenses should be awarded pursuant to Rule 37(a)(5)(A), which is deferred.

IT IS SO ORDERED.

DATED  September 3, 2019.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge