UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

THE ESTATE OF MARJORY GAIL THOMAS
OSBORN-VINCENT,

        Plaintiff,

        v.

AMERIPRISE FINANCIAL SERVICES, INC., a
Delaware Corporation, and RIVERSOURCE LIFE
INSURANCE COMPANY, a Minnesota
Corporation,

        Defendants.

Case No. 3:16-cv-02305-YY

ORDER

    Defendants have filed a motion for costs. ECF 237.[1] The specific items a prevailing party may recover as costs include (1) fees of the clerk and marshal, (2) fees and disbursements for printing and witnesses, (3) fees for printed and electronically recorded transcripts where they were "necessarily obtained for use in the case," (4) costs of making copies where they were "necessarily obtained for use in the case," and others. 28 U.S.C. § 1920. "Unless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "By its

---

[1] Defendants' motion for attorney fees under O.R.S. § 20.105 is addressed in separate Findings and Recommendations. *See* ECF 257.

1 – ORDER

terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs. This discretion, however, is not unlimited. A district court must specify reasons for its refusal to award costs." *Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (citations omitted).

Defendants seek $11,340.19 in costs. Defs. Mot. Attorney Fees 13, ECF 237. Defendants have not, however, described or otherwise established how the requested costs are allowed under the categories set out in 28 U.S.C. § 1920. Defendants did not provide an affidavit or declaration as required by 28 U.S.C. § 1924 to verify each "item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed." The spreadsheet defendants submitted contains largely generic descriptions of items such as "Document printing" or "Electronic image" with no explanation as to what these materials are or whether they were "necessarily incurred." *E.g.*, Larsen Decl. Ex. 3 at 6, ECF 238; *see Old Navy, LLC v. Ctr. Devs. Oreg., LLC*, No. CIV. 3:11-472-KI, 2012 WL 3261413, at *5 (D. Or. Aug. 8, 2012) (denying bill of costs that was not supported by any "documentation with which to assess the cost per page, the cost for labor, and whether any of the copies were made for the convenience of the attorneys"). Moreover, defendants also seek costs for items that are not recoverable under 28 U.S.C. § 1920, such as travel, lodging, and meals. *E.g.*, Larsen Decl. Ex. 3 at 8, 14, 23–24, ECF 238; *see also Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (indicating meals and messenger service may not be taxed as costs under § 1920); *Alexander Mfg., Inc. Employee Stock Ownership & Tr. v. Illinois Union Ins. Co.*, 688 F. Supp. 2d 1170, 1176 (D. Or. 2010) (collecting cases and ruling costs for computerized legal research and travel expenses are not allowed under § 1920).

2 – ORDER

Although there is a presumption in favor of awarding costs to the prevailing party, the record before the court is insufficient to determine which costs defendants are lawfully entitled to recover under 28 U.S.C. § 1920. Therefore, the court orders as follows: Defendants may submit a new bill of costs by June 2, 2023. Any new bill of costs shall be accompanied by a supplemental brief or declaration describing with specificity the costs requested for each of the categories allowed by 28 U.S.C. § 1920 and, where necessary, how those costs were necessarily incurred for the case. Plaintiff shall have 14 days after the filing of any new bill of costs to respond.

IT IS SO ORDERED.

DATED May 19, 2023.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge

3 – ORDER